Good morning. I'm John Warner. I'm the appellate in this case. Let me begin by phrasing, I think, the overarching question here, and that is, the order, the underlying order that the Bankruptcy Court was concerned with, I interpret to be what is called a debtor-in-possession order. That is an order authorizing an attorney to provide debtor-in-possession legal services to a Chapter 11 debtor. And if you look at the order, it's on page 18, I think, of the excerpts, it clearly states it's a debtor-in-possession order. The question is this. Can that order be expanded to cover non-debtor-in-possession work? Because all the work that's in dispute in this case occurred after the bankruptcy trustee was appointed. The Supreme Court in Lamy has said clearly that when that occurs, there's no longer a debtor-in-possession. And any work that's performed by the attorney, the former debtor-in-possession attorney, is no longer doing debtor-in-possession work. I say that there is no jurisdictional basis for the Bankruptcy Court to expand a debtor-in-possession order to cover non-debtor-in-possession work that occurs after the bankruptcy trustee has been appointed. I know of no case that says that. I know of no statute, rule, or whatever. My second point is this. It's sort of a rhetorical question. Who is being harmed here by my claim for fees in this case? This is not a lawsuit against a trustee. This is not a lawsuit against a creditor of the Bankruptcy Estate. I'm not seeking to be paid by the Bankruptcy Estate. There is no Bankruptcy Estate to be available for that purpose. So who are you seeking fees from? From David Pease, who was a non-debtor entity or non-debtor person. And it seems to me that the only person who is being harmed here is David Pease. But if he, in fact, for whatever reason, either expressly or impliedly authorized these fees, my question is, why should he not be required to pay them? Did you have a fee arrangement with him? A written agreement with him? Yes. No. But as I explained in my papers under California law, the court ---- Were you representing Pease personally? Yes. Right. That's my contention in the case. Were you also representing any corporate interests? I represented, in my view, primarily my client was David Pease after the ---- after the trustee was appointed. And before the trustee was appointed, who were you representing? I represented the Debtor in Possession Corporation only. So my statement is this. If I'm doing non-debtor in possession work, then why is it that a debtor in possession employment order barring my claim? I know of no case that would say that. And it's been non-cited in any of the papers, either by the Bankruptcy Court, by the Bankruptcy Appellate Panel, or in the papers filed by Mr. ---- by Dr. Pease. It seems to me that it's unfair, really, to allow him to use a DIP ---- what do you call it, DIP, debtor in possession order, to deny my claim for non-debtor in possession work. As a final point here, I would argue that however you want to construe the facts or apply the procedure, in view of the fact that I was performing non-DIP work, the ---- my bringing of this lawsuit is not sanctionable conduct. The sanctions, in my view, were not proper. There's no evidence that I deliberately intended to violate the Bankruptcy Court's order by seeking from Dr. Pease DIP work. That being the case, I would certainly argue strongly that no sanctionable conduct occurred, and that part of the decision should be stricken. Thank you. Mr. Warner. Mr. McDonald. Thank you, Your Honors. Ian McDonald representing the Appellee, the Voltex Corporation and David Pease. One point that's not mentioned in the briefs, I think it might ---- I'd just like to mention this in opening, is that Judge Kaczynski, in 1994, published a decision in N. Ray Perez, which startled a lot of bankruptcy lawyers, and he said something that was really quite axiomatic, but people didn't really appreciate it. He said, and I quote, "...counsel for the estate must keep firmly in mind that his client is the estate and not the debtor individually." And that was considered a significant and important pronouncement of a very known fact, and the bankruptcy judges applied it very strictly, and they adopted a policy of just not tolerating any type of a conflict, any type of an appearance of a conflict, and they just will not ---- they just won't cut a lawyer any slack if it looks like the lawyer is owing his allegiance to anyone other than the estate. Judge Gellin said in his ruling, he said, when Mr. Warner applied to be appointed, he said he would not ---- he would be looking only to the estate for his compensation. And if I had known that he was intending to look to anybody else for compensation, I would not have appointed him. So Judge Gellin applied Perez and the practice of Perez and just took this very strict approach. So it's just not appropriate to say who is harmed. I'm looking to these third parties. It's the integrity of the process. It's the issue of whether there's been undivided loyalty to the bankruptcy estate as a result of Mr. Warner's conduct. Mr. Warner, despite him saying there's a distinction and there's quite a lot of stress on the distinction between work done for the debtor in possession and work done for the debtor out of possession, the fee application that was filed looked to the estate for everything. In other words, Mr. Warner wanted the estate to pay him for both the debtor in possession work and the non-debtor in possession work. And the Lamey decision coincided with the fee ---- the work he was doing in the case where Justice Kennedy clarified some uncertainty and said that an attorney who's not representing the estate, like a debtor out of possession, cannot get paid. So Judge Gellin applied Lamey and said, well, you cannot get paid for that. But certainly, Mr. Warner was looking to the estate for everything and didn't say in his fee application, I have in the back of my mind that what I don't get paid out of the estate I'm going to take a look to these third parties for. In fact, there's evidence in the record that he had started writing letters alerting these third parties that he was going to be looking to them. So that's what concerned Judge Gellin. It was not the critical part of Judge Gellin's ruling is not really being discussed here, that Mr. Pease and the successor corporation were simply asking Judge Gellin to interpret his order as to whether Pease had agreed to pay these fees. The order was pretty clear within the bankruptcy context, but there was a concern that the order, when presented to a State court judge, the State court judge might not appreciate the bankruptcy terminology and the bankruptcy practice. And so Pease went back to the bankruptcy judge and asked him to clarify that Pease undertaking to cover unpaid payables did not cover unpaid fees like Warner. So Judge Gellin said, of course it's limited to payables and not fees. And then he went on to find that Warner had violated the terms of the employment order by looking to third parties without disclosing it. The other issue about who is harmed is, and this is something that may be sometimes be lost on practitioners, but when an attorney is representing the estate and then a trustee is put in, we don't know why the trustee was put in, if there was misconduct or mismanagement or impropriety, but whatever. When the trustee is put in and then the attorney is not representing the estate anymore, it doesn't necessarily mean that he is free to represent parties who are adverse to the estate, because there are rules about representing someone and then being adverse to someone. And clearly here, it's the same matter. It's all the same matter. It's substantially related. And, of course, the attorney has got the leg up on the trustee because the trustee is coming in new to the case where the attorney has been handling the case for the whole time. So there's no question that Judge Gellin's ruling, interpreting the order, saying that fees did not have liability, was correct. And it's certainly many reasons why the judge was troubled by Warner's conduct in looking to get paid from third parties and ruled that that was improper and that he should be sanctioned for doing so. Roberts. Thank you. Mr. Warner, you have some time. I think counsel is mistaken when he suggests that the fees that are in dispute in this case are chargeable to the estate. He just admitted that Judge Gellin himself earlier in the bankruptcy case made it clear there were two distinct types of fees that I incurred. One would be on behalf of the bankruptcy estate. The judge allowed those fees. I got paid for those fees. He then said, quoting the Lamey case, that the post-trustee fees are not chargeable to the estate. And that being the case, and I think it's a valid statement of the law, what's to stop me from then suing Dr. Pease for those fees? Because I'm not, contrary to what Mr. McDonald is saying, I'm not claiming in this lawsuit that these fees are chargeable to the estate or that they're DIP fees. And I just don't see how you can get around that distinction. And blend it all together and say, well, it's all part of the same. It is not part of the same. And I think that, as I said earlier, the only person that's being harmed here would be Dr. Pease, but he has no right to claim harm if, in fact, he either authorized the fees or impliedly agreed to the fees. He should pay them. Thank you. Roberts. Thank you. Thank you, counsel. All right. Bay Voltax is submitted.
judges: Gwin, Hug, Bybee